```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

    -against-

MICHAEL DEL VILLAR,

                                     Defendant.
-------------------------------------------------------------- X

20-CR-295 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      On September 22, 2021, this Court denied Defendant Michael Del Villar's Motion to Suppress. Sept. Order, Dkt. 115. Defendant has moved for reconsideration. Not. of Mot., Dkt. 118. For the reasons explained below, Defendant's motion for reconsideration is DENIED.

      A motion for reconsideration is properly granted if the movant identifies "data that the court overlooked" that would "alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quotation omitted). This standard is not met by rearguing points the Court has already considered and rejected, nor by raising new arguments not previously presented. *United States v. Cartagena*, No. 10-CR-222, 2012 WL 2958175, at *2 (S.D.N.Y. July 20, 2012) (quotation omitted). Instead, "the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).

      Defendant argues that the Court should reconsider its finding that there was probable cause to issue a search warrant for cell-site location information ("CSLI") associated with Defendant's cellphone ("the CSLI Warrant"). Def. Mem. at 6–11, Dkt. 119. He asserts, in essence, that the Court was wrong to conclude that the errors in the affidavit in support of the

CSLI Warrant with respect to the number of connections between and among Defendant's telephone and other narcotics-related telephones were not material to the probable cause finding. *Id*. at 8.  Disagreeing with the Court's conclusion is not a basis for reconsideration.  As the Court previously indicated, "even if the Court were to reduce the number of communications" in the affidavit "by half," there would still be probable cause.  Sept. Order at 14.  In short, the Court did not overlook any evidence to reach its conclusion that, notwithstanding factual issues with the raw number of communications among the pertinent telephones, there was still probable cause to issue the warrant.

Defendant further argues that in denying his motion to suppress the fruits of the CSLI Warrant, the Court failed to grapple with the fact that the agent failed to include in the affidavit in support of the warrant that Mr. Del Villar is of Mexican-American descent.  Def. Mem. at 8–9.  In Defendant's view, this was a material omission because it made Mr. Del Villar's calls to a telephone in Mexico appear to be more incriminating than they would have seemed with that knowledge.  *Id.*  But, as the Government points out, Mr. Del Villar's communications with a Mexican telephone number were not significant by virtue of the telephone number being associated with a telephone in Mexico; the calls were incriminating because that specific telephone number was in communication with other telephone numbers that were associated with actual or suspected narcotics trafficking.  Gov. Opp. at 4–5.

The Court need not address Defendant's argument that the good-faith exception does not apply here because the Court is unpersuaded as to the first two arguments.  Nonetheless, it bears noting that nothing in Defendant's briefing challenging the agent in question's credibility reaches issues the Court did not previously address.  Def. Mem. at 10.

Defendant next urges the Court to reconsider its finding that probable cause existed to arrest him. *Id.* at 11–14. Most of this argument hinges on the Court's reliance on Defendant having carried a weighted backpack into his co-defendant Enrique Rosado's car ("the Car") and exiting the Car with a less weighted backpack. *Id.* This argument overstates the Court's reliance on that evidence. The Court's conclusion that probable cause existed for the arrest rested on multiple pieces of evidence, including: the evidence that established probable cause for the CSLI Warrant; the fact that Mr. Del Villar entered the Car and very quickly exited it; the fact that six brick-shaped objects that later tested positive for heroin were found in the Car shortly after Mr. Del Villar's exit; and the fact Mr. Rosado lied to the agents about whether he had met with anyone recently, a lie that was protective of Mr. Del Villar (and a lie that would make no sense if Mr. Del Villar were not the source of the drugs Mr. Rosado knew the agents might find in the Car). Sept. Order at 20–21.[1]

Finally, Defendant argues that the Court should reconsider its finding that probable cause existed to search the apartment in which Mr. Del Villar was staying. Def. Mem. at 14. Distinct from his prior argument that the search of the apartment was unlawful because a critical piece of the probable cause that supported the search warrant for the apartment was a door key that was seized pursuant to Mr. Del Villar's unlawful arrest, on this motion for reconsideration, Defendant now appears to be making a *Franks v. Delaware* motion. 438 U.S. 154, 164–72 (1978). Although not a model of clarity, it seems that Mr. Del Villar is arguing that because: (i) the key was not vouchered; (ii) months later an agent who was present at the time of the search

---

[1] The Government asserts that that this is a new argument that is not appropriately considered on a motion for reconsideration. Gov. Opp. at 6; *see also Cartagena*, 2012 WL 2958175, at *2. The Court disagrees. The style and contents of the backpack Defendant allegedly carried were discussed at both the Evidentiary Hearing on the Motion to Suppress and in Defendant's Motion to Suppress. Def. Reply at 6, Dkt. 133. The Court's finding on this issue turns on the fact that the Court did not overlook any evidence related to the appearance of the backpack.

disclaimed any recollection of where the key came from; and (iii) the owner of the apartment building stated during an interview months later that he cannot recall whether the agents gave him the key, the statement in the affidavit in support of the search warrant for the apartment that the key was found in Mr. Del Villar's pocket at the time of his arrest must be false. Def. Mem. at 14–16. The Government contends this is a new argument; Defendant, relying on a footnote in his memorandum in support of the Motion to Suppress, argues that it is not a new argument. Gov. Opp. at 10; Def. Reply at 9, Dkt. 133.

Although it is true that in his Motion to Suppress Defendant insinuated that they key had been mishandled, Defendant hardly based his motion on that argument. Because that was not his argument in support of his motion to suppress the fruits of the apartment search, this is a new argument that cannot be raised on a motion for reconsideration. Def. Mem. at 6 n.4, Dkt. 45; *Cartagena*, 2012 WL 2958175, at *2.

Even if this were not a new argument, it is without merit. The fact that the key was not vouchered, that Agent Ferentini does not recall where the key came from, and that the building owner does not recall whether the DEA gave him the key after conducting the search is neither here nor there. Def. Mem. at 14–16. Agent Malamis swore in an affidavit, signed on the night of the arrest when recollections were fresh, that the key came from Mr. Del Villar's pocket. Premises Affidavit ¶ 13(b)–(c), Dkt. 46-5. In order to be entitled to a *Franks* hearing, Mr. Del Villar would have needed to create a question of fact whether that assertion was false; that he did not do (and he still has not). While all of the arguments related to handling of the key may be interesting cross-examination at trial, they fail entirely to undermine the truth of the statement in the warrant application. Because there was a warrant for the search and because Defendant, even on this motion for reconsideration, has not created a question of fact about the veracity of the

statements in the affidavit in support of the request for that warrant, even if this were not a new argument, Defendant's motion for reconsideration would be denied.

In short, Defendant's Motion for Reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 118.

**SO ORDERED.**

Date: **November 7, 2021**
**New York, NY**

*(signature)*
**VALERIE CAPRONI**
**United States District Judge**